UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DIANA A. SCOTT,    )<br>                    )<br>    Plaintiff,    )<br>                    )<br>    vs.             )<br>                    )<br>CAROLYN W. COLVIN Acting    )<br>Commissioner of the Social Security    )<br>Administration,    )<br>                    )<br>    Defendant.    ) | No. 1:13-cv-1053-SEB-TAB |

**REPORT AND RECOMMENDATION ON
PLAINTIFF'S BRIEF IN SUPPORT OF APPEAL**

The parties appeared by counsel June 20, 2014, for an oral argument on Plaintiff's claim for disability benefits. Set forth below is the Court's oral ruling from the bench following that argument. As set forth below, the Magistrate Judge recommends that the ALJ's decision be affirmed, and that judgment be entered against the Plaintiff and in favor of the Defendant. Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1). Failure to file timely objections within fourteen days after service shall constitute waiver of subsequent review absent a showing of good cause for such failure.

THE COURT: Okay.

I've considered the arguments of counsel and the briefs. I want to go ahead and render my decision at this point.

This case presents four issues for appeal. The first is whether substantial evidence supports the ALJ's finding that plaintiff is not disabled from chronic back pain. The second was whether the ALJ erred in failing to summon a medical advisor; third, whether the ALJ's credibility determination is patently erroneous; and fourth, whether substantial evidence supports the ALJ's Step 5 determination that plaintiff can perform some jobs in the national economy.

The factual and procedural background of this case shows that plaintiff filed for a period of disability and disability insurance benefits in October 2010. Plaintiff's alleged disability onset date is April 1st, 2002. The ALJ found her not to be disabled from the alleged onset date through the date of last insured, December 31st, 2004, which the appeals counsel affirmed.

In considering plaintiff's appeal, this Court must uphold the ALJ's decision if substantial evidence supports her findings, Terry versus Astrue, T-E-R-R-Y, versus Astrue, A-S-T-R-U-E, 580 F.3rd 471 at 475, Seventh Circuit 2009.

If evidence contradicts the ALJ's conclusions, the ALJ must confront that evidence and explain why it was rejected but need not mention every piece of evidence so long as she builds a logical bridge from the evidence to her conclusion, Moore, M-O-O-R-E, versus Colvin, C-O-L-V-I-N, 743 F.3rd 1118 at 1123, Seventh Circuit 2014; and Pepper, P-E-P-P-E-R, versus Colvin, 712 F.3rd 351 at 362, Seventh Circuit 2013.

Turning to the first issue for this appeal, plaintiff argues that the ALJ erred in determining that she was not disabled due to chronic back pain. Plaintiff claims that the ALJ erroneously ignored or rejected substantial evidence that supports plaintiff's purported disabling back pain, particularly, the January 12, 2012, opinion of Dr. Robert Silbert, plaintiff's treating physician.

If an ALJ discounts a treating physician's opinion, the Court must allow that decision to stand, so long as the ALJ minimally articulates his reasons, Elder, E-L-D-E-R, versus Astrue, 529 F.3rd 408 at 415, Seventh Circuit 2008.

I find the ALJ did just that. In reviewing Dr. Silbert's opinion, the ALJ noted that Dr. Silbert, quote, "opined that she could not lift anything, complete any postural movements and never work in most environments," end quote. That's in the record at page 15.

The ALJ gave Dr. Silbert's opinion very little weight, finding that Dr. Silbert's, quote, "extreme limitations were not supported by the record. The treatment notes during the alleged period of disability showed improvement and conservative treatment," end quote, record at 15.

The ALJ indicated that even though Dr. Silbert considered plaintiff not capable of any work, plaintiff continued her part-time work as a waitress and bartender at what would appear to be a physically demanding job during this time period.

Moreover, the ALJ discounted Dr. Silbert's opinion, as it was completed seven to eight years after his last treatment of the plaintiff.

Now, there is some conflicting testimony or at least argument from counsel on this point. Plaintiff's counsel seemed to acknowledge the seven-year time period with respect to the lack of treatment. The commissioner clarified that and indicated that there had been some treatment during that time period; but under either scenario, treatment during that time period is minimal at best. That's the time period from December 31st, 2004, through the date of the opinion of Dr. Silbert of January 12th, 2012.

Substantial evidence supports the ALJ's finding that plaintiff's chronic back pain was not disabling, specifically when reviewing Dr. Silbert's medical records from April 2002 through December 2004.

3

During this time period, Dr. Silbert consistently noted that Scott had a normal gait, had no adverse symptoms on account of her medications, no difficulty rising to standing, and was able to both heel and toe walk. That's in the record at the following pages: 567, 568, 574, 579, 583, 584, 586, 590, 593, 594, 596, 597 and 602.

While plaintiff consistently complained of back pain, Dr. Silbert's treatment was unremarkable. He recommended stabilization exercises, in the record at 593. He suggested a disk injection, which had helped her in the past. That's in the record at 593 and 601, and he continued her medication regimen.

The ALJ also noted that Scott received two disk injections to alleviate pain symptoms in 2002 and another in March 2003. Moreover, plaintiff participated in physical therapy. By October 7, 2003, plaintiff's spinal mobility and lower extremities had improved, according to the record at 495. Thus, substantial evidence supports the ALJ's finding that Scott's chronic back pain was not a disability; and the ALJ did not err in discounting Dr. Silbert's opinion.

The second issue is whether the ALJ erred in failing to summon a medical advisor to determine whether Scott's impairment equaled a listing. Scott claims that the ALJ inappropriately used his layperson opinion in determining whether Scott's degenerative disk disease and pain equaled a listing.

The first problem with this argument is that the plaintiff doesn't explain in her briefing what listing she claims she equals and what findings support such an argument. There is a reference in the subhead to listing 1.04, but that's not developed in any way in her brief. As a result, the plaintiff has arguably waived that argument; but nevertheless, the Court has considered that and finds that that argument fails.

The decision on whether to summon the medical advisor is left to the judgment of the ALJ. If he believes he lacks sufficient information and it's necessary to obtain an expert opinion to adequately develop the record, then he should summon an advisor consistent with Clifford versus Apfel, A-P-F-E-L, at 227 F.3rd 863 at 873, Seventh Circuit 2000. Here, the ALJ adequately developed the record without the need to summon a medical advisor.

On this point with respect to listing 104.A, that listing requires evidence of nerve root compression characterized by neuroanatomic distribution of pain and other conditions. In this case, the record is devoid of any findings of nerve root compression. Plaintiff's counsel acknowledged during oral argument that plaintiff's treating physician never made that finding during the insured period or otherwise. That's supported in the record by pages 564 through 608.

There are no findings of motor loss, sensory or reflex loss or positive straight-leg findings. Plaintiff has failed to explain what other findings would substitute for the significant missing findings so as to create an argument for medical equivalence.

Plaintiff does argue in her reply that the ALJ should have summoned the medical advisor because the State agency reviewers did not incorporate Dr. Silbert's opinion into their analysis. This is not surprising, given that Dr. Silbert's opinion was not submitted until four days before the hearing.

I would note that the record indicates that plaintiff's counsel was representing the plaintiff as of April 22nd, 2011; and for whatever reason, those documents weren't produced until four days before the hearing. It's not clear or it doesn't appear that doing so was in violation of any particular requirement of the ALJ; but nevertheless, common sense dictates that if you submit those documents four days before the hearing, it's going to create some issues in terms of the review of those documents.

In addition, the record also shows that plaintiff failed to respond to call-in letters and phone attempts to provide additional resources about the time period prior to the end of 2004.

Given these facts, the State agency reviewer's failure to incorporate Dr. Silbert's evaluation is understandable.

The State agency reviewer found that a spine MRI showed mild degenerative changes and a small disk bulge in the T11 and T12 level, but there was insufficient evidence to support a disability finding.

However, the ALJ did not rely on these opinions of State agency reviewers in determining that plaintiff was not disabled due to back pain. Instead, the ALJ relied on Dr. Silbert's treatment notes during the disability period; and there was sufficient information from those treatment notes to support the ALJ's finding without the need to summon a medical advisor.

The ALJ observed that these notes indicated improvement with physical therapy in plaintiff's spinal mobility and lower extremities, despite the fact that Scott had a small disk bulge that required epidural injections -- steroid injections to alleviate pain and other symptoms. That's in the record at 14.

The ALJ acknowledged that plaintiff was prescribed pain medication to alleviate pain, but he noted that Scott's pain medication remained unchanged during the alleged disability period.

Moreover, plaintiff's treating physician reported that she was doing better by 2004 and on examination, had a normal gait, no problems heel or toe walking, no difficulty changing from a sitting to a standing position, had a negative straight leg raise and normal stability in her spine. That's in the record at 14 and 15. Therefore, remand is not appropriate on that issue.

The third argument is that ALJ's credibility determination is patently wrong as it uses boilerplate language, is illogical, is conclusory and is vague. I am going to note that there is some irony in the plaintiff challenging the ALJ's decision as improper boilerplate, given that plaintiff's brief on this point is essentially a boilerplate argument, the same argument that's asserted in nearly every brief in the same essential manner that's been argued in many, many cases with no specifics whatsoever as to why the ALJ's credibility decision was wrong.

Generally, however, the plaintiff appears to be arguing that the ALJ failed to justify his credibility determination because the ALJ erroneously rejected Dr. Silbert's January 2012 evaluation.

However, the ALJ specifically stated why he rejected Dr. Silbert's 2012 evaluation in the record at page 15. The ALJ explained that Dr. Silbert's treatment notes during the disability period reported improvement and conservative treatment, as I've mentioned, which did not support his 2012 opinion that plaintiff was extremely limited.

For example, Dr. Silbert did very little to modify plaintiff's medication during the disability period, despite the fact that she was working as a waitress and a bartender during some of that time. Instead, he suggested stabilization exercises.

Moreover, Dr. Silbert's May 5th, 2004 report, showed that the medication increased Scott's activity, function and socialization. That's in the record at page 604.

The ALJ also discredited Dr. Silbert's evaluation because as previously discussed, it was completed seven to eight years after treating Scott. Substantial evidence supports the ALJ's opinion to discredit Dr. Silbert's 2012 evaluation; and thus, the ALJ did not erroneously reject his opinion.

7

In addition to discrediting Dr. Silbert's opinion, the ALJ went on to point out information that did not support the degree of functional loss from which Scott alleged she suffered. The ALJ noted that Scott's prescription medication and pain injections alleviated her pain symptoms and that Scott's symptoms were exacerbated by subsequent car accidents. However, the car accidents did not occur during the alleged disability period.

The plaintiff does not challenge additional credibility findings made in the ALJ's decision such as those of her husband, as plaintiff's counsel acknowledged during the oral argument. So there's no need to address any additional credibility determinations that the ALJ made.

Plaintiff's fourth and final issue on appeal is whether substantial evidence supports the ALJ's determination that plaintiff could perform some jobs in the national economy. Interestingly, the defendant failed to respond to this argument at all. The commissioner claims that she did not understand the argument.

Plaintiff's counsel acknowledged that he had erred in the way he had made that argument, which perhaps added to some confusion. It's unfortunate that the argument wasn't responded to, given the nature of the briefing. I suppose I understand that to some degree. It's clear that the defendant commissioner was not admitting to the appropriateness of that argument, and so there's no admission to that argument. The issue is for the Court to address, unfortunately, without the benefit of the commissioner's brief; but we did have argument on that.

In that argument, the plaintiff asserts that the ALJ's decision at Step 5 must be remanded because the ALJ did not present all the evidence of plaintiff's limitations to the vocational expert, specifically, again, focusing on Dr. Silbert's functional findings.

As noted, the ALJ discredited Dr. Silbert's 2012 evaluation, finding it was inconsistent with his own treatment records during the 2002 through 2004 disability period; and as previously

8

discussed, substantial evidence supported the ALJ's decision to give Dr. Silbert's 2012 opinion very little weight.

Given that his treatment records indicate improvement in spinal mobility and lower extremities, medication improved plaintiff's social functioning. She had a normal gait and no difficulty in changing from a standing to a sitting position, but the ALJ did not err in failing to include Dr. Silbert's evaluation as part of his Step 5 determination.

Though the ALJ gave little weight to Dr. Silbert's opinion, the ALJ did limit plaintiff to sedentary work with additional limitations, partially because plaintiff's use of medications suggested she had significant medical problems. The additional limitations included no work with repetitive foot controls, continuous walking of no more than 15 minutes, only occasional climbing, ramps or stairs and stooping or balancing.

The ALJ further limited plaintiff so that she could never climb ladders, ropes, scaffolds, and would never kneel, crouch or crawl at work. Plaintiff was also to avoid concentrated exposure to hazards such as moving machinery and heights.

Plaintiff argues that the ALJ failed to account for her chronic pain disorder, but the ALJ accounted for Scott's pain by limiting her to sedentary work with these additional restrictions.

Based off of these additional restrictions, the ALJ posed hypothetical questions to the vocational expert so as to determine plaintiff's ability to work in the national economy. A vocational expert found plaintiff was capable of performing work such as hand bench worker and an office clerk, callout operator. I find that substantial evidence supports the ALJ's Step 5 determination.

So in conclusion, I find that the ALJ's decision is supported by substantial evidence and should be affirmed and that plaintiff's motion in support of the appeal should be denied. I will

9

make that recommended finding, and I will do so by having this portion of the transcript transcribed and filed in the docket.

Any appeal from this decision shall be made within 14 days after the date that transcript is filed. Thank you.

    COURT CLERK: All rise.

    Dated: 7/3/2014

                              Tim A. Baker
                              United States Magistrate Judge
                              Southern District of Indiana

Distribution:

Patrick Harold Mulvany
patrick@mulvanylaw.com

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov

Carole J. Kohn
US SOCIAL SECURITY ADMINISTRATION
carole.kohn@ssa.gov