UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

DIANA A. SCOTT,            )
                           )
           Plaintiff,      )
                           )
      vs.                  )   No. 1:13-cv-01053-SEB-TAB
                           )
CAROLYN W. COLVIN Acting   )
Commissioner of the Social Security )
Administration,            )
                           )
           Defendant.      )

**ORDER OVERRULING OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is an action for judicial review of the final decision of Defendant Commissioner of Social Security ("Commissioner") finding Plaintiff Diana Scott not entitled to disability insurance benefits ("DIB"). The Administrative Law Judge ("ALJ") denied Ms. Scott's application for DIB after concluding that there are jobs that exist in significant numbers in the national economy that she can perform. This case was referred to Magistrate Judge Baker for initial consideration. On July 3, 2014, Magistrate Judge Baker issued a report and recommendation that the Commissioner's decision be affirmed because it is supported by substantial evidence. This cause is now before the Court on Plaintiff's Objections to the Magistrate Judge's Report and Recommendation.

**Standard of Review**

We review the Commissioner's denial of benefits to determine whether it was supported by substantial evidence or is the result of an error of law. *Rice v. Barnhart,* 384 F.3d 363, 368–369 (7th Cir. 2004); *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Dixon v. Massanari,* 270 F.3d 1171, 1176 (7th Cir. 2001). In our review of the ALJ's decision, we will not "reweigh evidence, resolve conflicts, decide questions of credibility, or substitute [our] own judgment for that of the Commissioner." *Lopez,* 336 F.3d at 539. However, the ALJ's decision must be based upon consideration of "all the relevant evidence," without ignoring probative factors. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994). In other words, the ALJ must "build an accurate and logical bridge" from the evidence in the record to his or her final conclusion. *Dixon*, 270 F.3d at 1176. We confine the scope of our review to the rationale offered by the ALJ. *See SEC v. Chenery Corp.*, 318 U.S. 80, 93–95 (1943); *Tumminaro v. Astrue,* 671 F.3d 629, 632 (7th Cir. 2011).

When a party raises specific objections to elements of a magistrate judge's report and recommendation, the district court reviews those elements *de novo,* determining for itself whether the Commissioner's decision as to those issues is supported by substantial evidence or was the result of an error of law. Fed. R. Civ. Pro. 72(b). The district court "makes the ultimate decision to adopt, reject, or modify" the report and recommendation, and it need not accept any portion as binding; the court may, however, defer to those conclusions of the report and recommendation to which timely objections have not been

raised by a party. *See Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 759–761 (7th Cir. 2009).

**<u>Discussion</u>**[1]

Ms. Scott objects to the Magistrate Judge's Report and Recommendation on the following two grounds: First, she argues that the Magistrate Judge erred in determining that the ALJ properly rejected the functional evaluation by her treating physician. Second, Ms. Scott contends that the Magistrate Judge erroneously determined that the Commissioner was not required to respond to her argument that the ALJ failed to present to the vocational expert an accurate description of all of her impairments. We address these arguments in turn below.

Ms. Scott first contends that the ALJ erred by failing to accord the opinion of her treating physician, Dr. Silbert, controlling weight. In 2012, Dr. Silbert completed a medical source statement for Ms. Scott, opining that she could not lift anything, was unable to complete any postural movements, and could never work in most environments. Ms. Scott contends that by giving little weight to Dr. Silbert's opinion, the ALJ impermissibly "played doctor" by improperly substituting his own judgment for Dr. Silbert's opinion regarding Ms. Scott's limitations.

The Seventh Circuit has cautioned that ALJs "must be careful not to succumb to the temptation to play doctor." *Schmidt v. Sullivan*, 914 F.2d 117, 118 (7th Cir. 1990)

---

[1] As the parties thoroughly summarized the medical records in their briefing, we will only cite to the portions relevant to the issues on which Ms. Scott requests review.

3

(citations omitted). However, the ALJ is not required to accept all conclusions reached by physicians. A treating doctor's opinion receives "controlling weight" only if it is "well supported by medically acceptable diagnostic techniques and consistent with other evidence" in the record. *Punzio v. Astrue*, 630 F.3d 704, 710 (7th Cir. 2011); 20 C.F.R. § 404.1527(c)(2). An ALJ must offer "good reasons" for discounting the opinion of a treating physician. *Martinez v. Astrue*, 630 F.3d 693, 698 (7th Cir. 2011).

Here, the ALJ clearly and adequately explained his reasons for discounting Dr. Silbert's opinion. The ALJ opined that the extreme limitations described by Dr. Silbert were not supported by the record, pointing to Dr. Silbert's treatment notes from the alleged period of disability, which the ALJ found "showed improvement and conservative treatment." R. at 15. The ALJ went on to state that Dr. Silbert's opinion that Ms. Scott could not even lift one pound was inconsistent with the fact that during that same time period Ms. Scott worked part-time in fairly physically demanding jobs, including as a waitress and a bartender. Additionally, the ALJ discounted Dr. Silbert's opinion in part because his statement was completed approximately seven or eight years since his last treatment of Ms. Scott. There is some dispute regarding whether Ms. Scott was seen by Dr. Silbert at some point within that period, but there is no dispute that if Ms. Scott received treatment from Dr. Silbert between December 31, 2004 and January 12, 2012 (the date of his opinion), such treatment was as the Magistrate Judge described, "minimal at best." Dkt. 37 at 3. Accordingly, the ALJ was justified in taking that timeframe into consideration when determining how much weight to give Dr. Silbert's

4

opinion. The ALJ also observed that Dr. Silbert's examination notes from August 9, 2004, one of the last times that Dr. Silbert saw Ms. Scott before the long gap in treatment, show that Ms. Scott had "normal gait, no problems heel or [toe] walking, and no difficulty changing from a sitting to standing position. Moreover, she had a negative straight leg raise and normal stability in her spine." R. at 14-15 (citing Exh. 18F).

The ALJ cited ample evidence from the record in support of his decision to discount Dr. Silbert's opinion and specifically provided his reasons for doing so. Accordingly, the ALJ did not err in failing to give Dr. Silbert's opinion controlling weight and we agree with the Magistrate Judge that substantial evidence supports the ALJ's decision in this regard.

Ms. Scott's second objection to the Magistrate Judge's Report and Recommendation is that the Magistrate Judge improperly argued for the Commissioner in response to Ms. Scott's contention that the ALJ erred by failing to present to the vocational expert an accurate description of her impairments, having failed to include Dr. Silbert's functional findings in his hypothetical question. However, because we review challenged elements of the Magistrate Judge's Report and Recommendation *de novo*, we need not address the Magistrate Judge's handling of the argument and instead look directly to the ALJ's opinion to determine whether there is reversible error. Given our finding that the ALJ properly explained his reasons for rejecting Dr. Silbert's opinion, we cannot find that the ALJ erred by failing to include those limitations in his hypothetical question to the vocational expert.

It is true that "an ALJ's hypothetical questions to a vocational expert 'must include *all* limitations supported by medical evidence in the record.'" *Seamon v. Astrue*, 364 Fed. App'x 243, 248 (7th Cir. 2010) (quoting *Steele v. Barnhart*, 290 F.3d 936, 942 (7th Cir. 2002)). But "the reference to 'all' limitations … does not encompass those that find no support in the record; the ALJ's hypothetical should incorporate only those limitations that he accepts as credible." 364 Fed. App'x at 248 (citing *Schmidt v. Astrue*, 496 F.3d 833, 846 (7th Cir. 2007)). As explained *supra*, the ALJ here properly rejected Dr. Silbert's opinion, and thus, was not required to incorporate those limitations in his hypothetical questions to the vocational expert.

The ALJ limited Ms. Scott to sedentary work with additional limitations, including no work with repetitive foot controls; continuous walking of no more than 15 minutes; only occasional climbing, ramps or stairs and stooping or balancing; no climbing ladders, ropes, scaffolds; no kneeling, crouching, or crawling; and no concentrated exposure to hazards such as moving machinery and heights. We recognize that Ms. Scott suffers from significant medical problems, but upon careful review, we are satisfied that the ALJ adequately considered Ms. Scott's medical history and included in his RFC the limitations that were supported by the record. The ALJ included all of those limitations in the hypothetical question to the vocational expert, who identified jobs existing in significant numbers that Ms. Scott was capable of performing. Accordingly, substantial evidence supports the ALJ's determination at Step 5 of the sequential evaluation process.

## **Conclusion**

For the foregoing reasons, we <u>OVERRULE</u> Ms. Scott's objections and <u>ADOPT</u> the result of the Magistrate Judge's Report and Recommendation with the additional supplementation set forth above.

IT IS SO ORDERED.

Date: __9/23/2014_____  _____
                                                              SARAH EVANS BARKER, JUDGE
                                                              United States District Court
                                                              Southern District of Indiana

Distribution:

Patrick Harold Mulvany
patrick@mulvanylaw.com

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov

Carole J. Kohn
US SOCIAL SECURITY ADMINISTRATION
carole.kohn@ssa.gov